UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Danshze Lewis,                                                       Case No. 3:25-cv-612

          Plaintiff,

v.                                                                  ORDER

Keystone Automotive Industries, Inc., et al.,

          Defendants.

       On March 27, 2025, Plaintiff filed this action. (Doc. No. 1). Less than one month later, he filed a one-paragraph motion to stay this action pending arbitration. (Doc. No. 4).

       It is true that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). But Plaintiff offers nothing from which I could agree with his assertion that the dispute at issue in this case is subject to arbitration. Specifically, Plaintiff did not attach the referenced "Ex. A" from which I might conclude this case involves an arbitrable dispute. (Doc. No. 4).

       Even if Plaintiff had attached the exhibit, I would deny the motion as premature because there is no indication on the docket that Defendants have even been served with the Complaint. There is also nothing in the motion to stay that indicates Plaintiff's counsel made any attempt to serve Defendants with that motion. Because there is nothing from which I could conclude Defendants know of this action, let alone Plaintiff's motion to stay, staying this action at this

juncture would be improper and deprive Defendants of an opportunity to respond to Plaintiff's Complaint and motion to stay.

For these reasons, I deny Plaintiff's motion to stay without prejudice. (Doc. No. 4).

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge